NICOLO FAILLO, Respondent, v. ALEXANDER NOAH, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

LOUIS FENNING, Respondent, v. GEORGE LASKAS and MARGARET LASKAS, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

BRIDGET FORD, Appellant, v. PATRICK F. CRADDOCK, Respondent.— Judgment modified by striking therefrom the words "rendering a verdict for defendant" in the recital, and the words "on the merits" and "together with" in the ordering part; and in the latter inserting the word "with" in place of the words "together with;" and as so modified unanimously affirmed, without costs. No opinion. Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

TERESA M. GRAHAM, Appellant, v. PETER H. HAVEY & SONS, INC., Respondent.— Judgment of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

EMILY L. HALL, Respondent, v. GEORGE R. HALL and LILLIAN S. HALL, Appellants.— Judgment modified so as to provide that the mortgage be adjudged valid as against the plaintiff for the principal sum of $1,788.34 only, and the question of the amount of interest due thereon may be settled upon application to be made by either party to the Special Term, and the judgment as so modified is affirmed, without costs to either party. We make the following additional findings, viz.: (a) That the expenses actually paid to the attorney of the mortgagee for the procuring of the said mortgage amounted to the sum of $1,050, so that the proceeds of the said mortgage loan to the plaintiff and her son were only the sum of $5,950; (b) that of the said proceeds the plaintiff, at the request of the defendant George R. Hall and for his benefit, paid out the sum of $4,500, and that the balance thereof, to wit, the sum of $1,450, she applied to her own uses and benefits; and (c) that the said expenses, being divided between the said parties in proportion to their respective shares in and of the said proceeds, make the sum of $338.34 thereof chargeable to the plaintiff, and the balance of $711.66 due to the defendant George R. Hall. And we conclude, upon the findings as so amended, that it is equitable and just that the mortgage should stand as valid in the hands of the said George R. Hall for the principal sum of $1,788.34 only and for such interest thereon as upon further application to the court at Special Term may be found due; upon the ground that we think that inasmuch as the plaintiff actually received for her own use and benefit, out of the proceeds of the mortgage, the sum of $1,450, it is equitable and just that the mortgage in the hands of her son, the defendant George R. Hall, should be held valid for that amount and for her proportionate part of the expenses of procuring the mortgage loan, which is the sum of $338.34, making in all the principal sum of $1,788.34. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.